# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS EPPERSON, JR., | 1:09-cv-02065-SMS (HC) |
| Petitioner, | ORDER DISCHARGING ORDER TO SHOW CASE, DENYING PETITIONER'S MOTION FOR JUDGMENT, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| JAMES D. HARTLEY, | |
| Respondent. | [Docs. 11, 12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on November 16, 2009. (Court Doc. 1.)  Petitioner raises several challenges to his 2006 conviction for corporal injury to spouse and criminal threats.

On April 7, 2010, Petitioner filed a motion for entry of judgment.

On May 28, 2010, Respondent filed a motion to dismiss the petition as successive under 28 U.S.C. § 2244(b)(3)(A).  Petitioner did not file an opposition to Respondent's motion.

## DISCUSSION

I.      Motion for Entry of Default Judgment/Discharge of Order to Show Cause

In his motion, Petitioner requests judgment on the pleadings and relief prayed for in his petition because Respondent initially failed to respond to the Court's December 15, 2009, order.

1

Although Petitioner is correct that the Court issued an Order to Show Cause on Respondent for failing to respond to the Court's December 15, 2009.  Respondent filed a timely response to the Order and a subsequent motion to dismiss in which counsel stated the following:

> It appears the undersigned was made promptly aware upon this Court's initial service, and that the undersigned removed the case from normal processing due to the jurisdictional issued presented by the prior federal Petition.  The undersigned's best recollection is that a motion to dismiss was intended then, but that subsequently the matter escaped the undersigned's attention.  Further, because the undersigned failed to make an Appearance, this Court's subsequent orders were not received by the undersigned.  The entire responsibility for the subsequent lack of response falls squarely on the undersigned.  As previously stated, the failing was unintentional.  Moreover, because the lack of jurisdiction is fatal, and moreover Epperson has had the opportunity to respond with necessary proof, it cannot be that he has been prejudiced.  Nonetheless, the undersigned sincerely apologizes to the Court for any inconvenience, and likely frustration.

The Court finds that Respondent's counsel failure to respond to the Court's order was not intentional, and the Court will therefore discharge the order to show cause.

II.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(b)(1)'s bar against successive petitions.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Second or Successive Petition

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ

///

of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

<u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED:

1). The Court's order to show cause issued March 1, 2010, is HEREBY DISCHARGED;

2). Respondent's motion to dismiss the instant petition as successive is GRANTED;

3). The petition for writ of habeas corpus be DISMISSED without prejudice; and

4). The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   July 14, 2010**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE